CYPRES v. HAULENBEEK ROASTING & MILLING CO.

(City Court of New York, General Term. March 26, 1901.)

1. EVIDENCE—TRIAL—MOTION TO DISMISS.
    Where plaintiff, as indorsee of a check signed with defendant's name, testified that on the check being returned to him by his bank in which he had deposited it, with notice that payment thereof was stopped, he showed it to defendant's president, asking why payment was stopped, and that the officer said the payee had not paid his check to defendant, and that, as soon as he did, defendant would make this check good, defendant's motion for dismissal on the ground that the check was not shown to be the check of defendant should be denied.

2. SAME—DIRECTION OF VERDICT—APPEAL AND ERROR.
    Where at the close of the evidence both parties request the court to direct a verdict, the court is thereby clothed with the functions of the jury; and, if the party whose request is denied does not thereupon request to go to the jury on the facts, a verdict directed for the other party stands as the findings of a jury, and a review by the appellate court is governed by the same rules as apply in cases of ordinary verdicts.

Appeal from trial term.

Action by Adolph Cypres against the Haulenbeek Roasting & Milling Company. From a judgment for plaintiff, and from an order ·denying a new trial, defendant appeals. Affirmed.

Argued before McCARTHY, SCHUCHMAN, and DELEHANTY, JJ.

Samuel G. Adams, for appellant.
George W. McAdam, for respondent.

DELEHANTY, J. This action was brought to recover the amount of a check made by the defendant, a domestic corporation, to the order of S. Wechselman Coffee Company, and by such payee indorsed to the plaintiff for value, who duly presented and demanded payment of same, which was refused because, as alleged, Wechselman had failed to liquidate his check to the defendant given concurrently and in exchange for the one in suit. It appears that Wechselman had pledged certain chattels with the plaintiff for a loan, and, in order to redeem the same, presented the check in litigation as part payment thereof, and received the goods in question. The answer denies the making, delivery, and presentment of the check. Upon the trial the plaintiff testified as to the transaction involved in the receipt of said ·check, of the deposit of same in his bank for collection, and its return with the indorsement thereon, "Payment stopped;" that thereupon he went to the office of the defendant company, when the following occurred:

"The man at the door pointed out Mr. Haulenbeek. I went in and asked him, 'Are you the president of this company?' He said, 'Yes.' 'Now, what is the trouble about that check? That the check is being stopped.' I showed that paper * * * just as I got it here. He took out a bundle of papers and said, 'I received notice from my bank that the check issued by Wechselman to our company was not paid, and on account of this the company will not pay that check until he settles his check.' He said, 'That is all right. As soon as he pays that money we will make that check good.'"

The testimony, undenied, has been quoted at length, for the reason that defendant now assigns as error the refusal of the court to grant its motion for a dismissal of the complaint at the close of plaintiff's case, and renewed at the end of the trial, on the ground of failure to prove that the check in question was the check of the defendant. Under the circumstances, it is unnecessary to devote much time to the ·disposition of the exception to the ruling in question. We consider the evidence ample that the check is the obligation of the defendant corporation, and was made and given by it in a business transaction; ·and, as it affirmatively appears a legal consideration existed therefor, the reason assigned for nonpayment is untenable. Bank v. Smith, 155 N. Y. 185, 49 N. E. 680.

Furthermore, both parties having requested the court to direct a verdict, and neither having asked for the submission of any question ·of fact to the jury, the case was thus brought within the rule that:

"A request by each party for the direction of a verdict in his favor clothes the court with the functions of the jury; and it is well settled that in such ·case, where the party whose request is denied does not thereupon request to

go to the jury on the facts, a verdict directed for the other party stands as would the findings of the jury for the same party in the absence of any direction, and the review in this court is governed by the same rules as apply in cases of ordinary verdicts rendered without any direction. All the controverted facts and all inferable facts in support of the judgment will be deemed conclusively established in favor of the party for whom the verdict was directed." Thompson v. Simpson, 128 N. Y. 270–283, 28 N. E. 627–630.

There being ample evidence in the case as to all material points, the direction of a verdict in favor of the plaintiff was, therefore, justified; and the judgment and order appealed from for that reason must be affirmed, with costs. All concur.